Per
 
 Curium.
 

 This case must be considered as if there were no prayer for an injunction
 
 ;
 
 nor is it material to consider it in relatiou to the proceedings at law.
 

 
 *205
 
 There are four special causes of demurrer.
 

 1st. That S. Wilson, senr. has no kind of claim to the land in dispute, and therefore has no right to call the defendant into this court.
 

 2d. The plaintiff might have had relief at law, being properly triable there
 
 .
 

 3d. In relation to the mistake, no relief can be had here, but what might have been obtained at law.
 

 4th. The plaintiff might have availed himself of the statute of limitations at law,being properly triable there.
 

 The second,and fourth causes of demurrer may be considered together, the substance being the same. Upon the ground that the plaintiff had remedy at law. we are of opinion, that taking the whole of the bill together, these causes of demurrer are not sustainable. As to the circumstance of accident, in not being able to procure a copy of the entry to shew the mistake of the surveyor, the bill seems to be proper.
 

 The correction of mistakes in titles is properly a subject for the interference of a court of equity. The general principle is, that at law relief cannot be had in such cases. Our practice permits a younger grantee to compete with an older one in ejectment, how correctly it were useless to examine now. The subject, to wit, an entry, was originally equitable in its nature, and the remedy of the younger grantee having the oldest entry was in equity.
 
 (1)
 

 Since the year 1798 our courts of law,have assumed jurisdiction in cases of this kind,they had it not before nor is it conceived there was any statute giving this power.
 

 Though courts of law have taken cognizance of the rights of the younger patentee having the oldest entry, it does not oust a court, of chancery of its original equitable jurisdiction. The equity remains though a trial may have taken place at law, if justice has not been done the equitable claimant there
 
 ;
 
 if
 
 *206
 
 owing to auy defect in the forms of legal proceeding he did not get justice, it is sufficient for us to see it; justice must be done and the principles of the land law administered alike to all.
 

 (2)
 

 Nor is it material from what cause injustice has arisen when the complainant is coercively drawn into a court of law, and the matter of complaint did not originate from his negligence. Had he been plaintiff there, the case might have presented a different aspect. Then indeed, it would seem that having made his election of the forum, he should satisfactorily shew here, insurmountable obstacles to the attainment of justice; such at least as ordinary diligence could not overcome.
 
 (3)
 
 These observations are applicable here after discussion of equitable rights in
 
 a
 
 court of law; or questions which are not purely of a legal nature. If the principles of the present practice in ejectment,in permitting evidence of an entry to be given on the part of the younger grantee, be rightly understood, it would seem to authorise the introduction of any equitable proof to avoid the effect of the oldest
 
 grant;
 
 we know every days practice admits such evidence. As the younger grantee is permitted to adduce equitable proof under the general issue, his adversary must of course be allowed to introduce similar evidence to rebut. In this state of things, if a court of law determine contrary to equity, recourse must be had somewhere—It would seem that if a jury, acting upon a complicated mass of equitable testimony, should err, and persist in it, remedy should be had in equity.
 
 (4)
 
 Suppose however the case were purely legal and of sufficient value, equity would entertain jurisdiction, if, in the trial or proceedings at law, the complainant had been prevented from getting justice by some obstacle
 
 *207
 
 which he could neither surmount nor control by ordinary diligence and prudence; but it must, in this last case, be set forth in the bill so as to transfer the jurisdiction over the subject matter from a court of law to a court of equity-Under circumstances purely legal either party ought to have access to this court where justice has not been done, and the matter in dispute is of sufficient importance to require its interposition, upon the bill disclosing sufficient ground why justice was not obtained at law.
 
 (5)
 

 The demurrer must be overuled.
 

 White, J. absent having been employed as counsel.
 
 *
 

 (1)
 

 See 3 Dal. 456. 464. 2. Call. 310. 3. Call 259. Vincents, lessee vs. Conrad. American law journal. Taylor, vs. Bodlay and asl. Sup. Ct. U. S. Feby. 1812.
 

 (2)
 

 See 3.Bro C. C. 218. 2. Hen. and Mun. 263. 1. Call 500. 560. 2. Call. 310. 3. Call. 259 2 Wash. 121. 3. Dal. 456. 464 4. Dall.app. VII. 1 Ch. Ca: 205.
 
 2.
 
 Ch. Ca. 3.1. Cro. 100 Hoggat vs. M'Crory ante. p. 8. Hardins Rep. 461. 4. Dall app VIII. XI. 1. Bur. 419. 423. 3. John 590. 2. Cains. C. E. 51. 1.Vez. jr. 424. Taylor vs. Bodley & als. Massie vs. Watts Taylor vs Quarles and Brown, Sup. C. U. S. Feby 1812
 

 (3)
 

 1
 
 Wash 185.
 

 (4)
 

 See Hardins Rep. 461. 5 John 590. 1. vez. 424.2. Caines C.E. 51. Sch. & Lef. 66. 204. 430. 2 Hen.and Mun. 263. Goulds ed. Esp. N. P. 36 title ejectment.
 

 (5)
 

 See 2. Call 70. 224. 1. Atk. 128. 2. Str. 733. 2. Cains C. F. 37. 2 Swifts sys. 423. 2. Wils. Lectures. 263. 3 Hen and Mun. 83. 358. 4 Hen. and Mun. 470. 491 453 1. Hen. & Mun 19. 2. Wash. 41. 4. Johns 510. 1, Call 147 Hardins Rep. 128